UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                              Case No. 21-cr-20424
v.                                  Honorable Linda V. Parker

EZEL MYRON MCELROY,

        Defendant.
_____/

## OPINION AND ORDER

On August 16, 2023, Defendant Ezel McElroy was sentenced to thirty-six months in custody followed by three years of supervised release after pleading guilty to one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349 and 18 U.S.C. § 1344. (*See* ECF No. 277.) The Court has received a letter from Mr. McElroy asking for 728 days of credit to his time served for the period he served in home confinement. (ECF No. 308.)

It is established law that "a district court does not have jurisdiction to apply credit against a sentence under [18 U.S.C. § 3585(b)]." *United States v. Stanley*, No. 22-1500, 2022 WL 17881554, at *1 (6th Cir. Dec. 20, 2022) (quotations and citations omitted); *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992) (reversing and remanding the district court's denial of a post-conviction motion for sentencing credits under 18 U.S.C. § 3585 for lack of jurisdiction);

1

*United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001) ("[T]he power to grant credit for time served lies solely with the Attorney General and the Bureau of Prisons [('BOP')]."); *United States v. Wilson*, 503 U.S. 329, 334-36 (1992) (reasoning that the district courts are unauthorized to make sentencing credit determinations because the attorney general, through the BOP, is responsible for administering the defendant's sentence once a court sentences him). In the alternative, Mr. McElroy must "exhaust[] his administrative remedies, [then] he may challenge the BOP's calculation of sentencing credit in the district court." *Stanley*, 2022 WL 17881554, at *1.

The record does not indicate that Mr. McElroy has exhausted his administrative remedies.[1] On this ground, the Court lacks jurisdiction to rule on the instant motion for sentencing credit.

Accordingly,

---

[1] The Court notes that after exhausting his administrative remedies through the BOP, Mr. McElroy may then choose to challenge the BOP's determination in federal court by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See United States v. Singh*, 52 F. App'x 711, 712 (6th Cir. 2002) (holding that the district lacked subject matter jurisdiction because the defendant did not exhaust all administrative remedies before seeking review of the BOP's calculation of sentencing credit under § 2241); *Stanley*, 2022 WL 17881554, at *1 ("Even if [the defendant] had exhausted his administrative remedies, he should have filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, the proper mechanism to challenge the BOP's credit computations.").

3

**IT IS ORDERED** that Mr. McElroy's request to receive jail credit is **DENIED**.

**SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: February 13, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 13, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan  
Case Manager